IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARRISON FRANKLIN,

                Plaintiff,                              ORDER

  v.

GREGORY GRAMS, RICK RAEMISCH                 11-cv-736-wmc
GARY HAMBLIN, MICHAEL MEISNER,
DYLON RADTKE, JOHN DOES 1-50 and
JANE DOES 1-50,

                Defendants.

---

      In this proposed civil action, pro se plaintiff Harrison Franklin is seeking leave to proceed under the *in forma pauperis* statute. 28 U.S.C. § 1915. Franklin has made the initial partial payment required under § 1915(b)(1), so the court must screen his complaint and dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Unfortunately, the court is unable to screen the complaint at this time, because it is not clear whom Franklin wants to sue.

      While Franklin names the current and immediate past secretaries of the Department of Corrections and Wardens of Columbia Correctional Institution, the caption of his proposed complaint includes 75 John and Jane Doe defendants, all allegedly were employees of the Columbia Correctional Institution who "participated in the deprivation of [Franklin's] rights." In contrast, while the body of the complaint does include several allegations against "unknown defendants" -- properly referred to as John

1

or Jane Doe in the caption -- it also identifies by name at least eleven employees of the Columbia Correctional Institution and includes specific allegations about how they violated his rights. Yet none of these employees are listed in the caption.

To satisfy the pleading standards of Fed. R. Civ. P. 8, a complaint must explain the actions that each defendant took that the plaintiff maintains violated his rights. The court will not guess as to whom plaintiff wishes to assert a claim among those actually named. If Franklin wishes to proceed against any of the employees of the Columbia Correctional Institution identified in the body of his complaint, then he must name that defendant in the caption. (As noted, if Franklin does not know an individual defendant's name, then, but only then, may he refer to that person as John or Jane Doe.) The court will give Franklin three weeks to file a supplement to his complaint to clarify which of these people he wants to include as defendants in this suit.

In addition, the court notes that Franklin's complaint includes numerous unrelated claims against numerous defendants. When choosing which individuals to name as defendants, Franklin should keep in mind that he cannot assert unrelated claims against multiple defendants in the same lawsuit, unless: (1) the complaint includes at least one claim against each defendant that arises out of the same transaction or series of transactions; and (2) the action presents a question of law or fact common to all of the defendants. Fed. R. Civ. P. 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Although Rule 18(a) permits a party to file additional unrelated claims against defendants who are properly joined under Rule 20, if Franklin continues to maintain all

2

of these claims against all of these possible defendants, the court will likely sever unrelated claims into new lawsuits. Fed. R. Civ. P. 21; *Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) ("If other issues predominate over the common question, the district judge is entitled to sever the suit . . . [and] the severed claims proceed as if suits had been filed separately.")

ORDER

IT IS ORDERED that plaintiff Harrison Franklin shall have until September 14, 2012, to file a supplement to his complaint that identifies which of the individuals named in the body of his proposed complaint he wants to add as defendants in this action. If plaintiff fails to file a supplement by that date, the court will screen the complaint in its present form.

Entered this 24th day of August, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge