IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARRISON FRANKLIN,

                Plaintiff,

v.

GREGORY GRAMS, *et al.*,

                Defendants.

ORDER

11-cv-736-wmc

---

Plaintiff Harrison Franklin filed this civil action pursuant to 42 U.S.C. § 1983, alleging an assortment of claims against numerous prison officials. After considering his initial pleadings, the court concluded that his complaint violated Fed. R. Civ. P. 18 and 20 by joining unrelated claims against different defendants. At that time, the court identified four distinct lawsuits and instructed Franklin to select one to pursue under this case number. (Dkt. # 22). In response to that order, Franklin again proposed a complaint that attempted to lodge an assortment of claims against multiple defendants.

On August 1, 2014, the court screened Franklin's submission as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A(b), and granted him leave to proceed with claims that the following defendants denied him adequate medical care in violation of the Eighth Amendment for diabetes and diabetes-related conditions, periodontal disease, a deviated septum, and mental health issues: Dr. Dalia Suliene, Warden Gregory Grams, Cynthia Thorpe, Assistant Warden Marc Clements, Lori Alsum, Barbara DeLap and Sergeant Joseph Harris. (Dkt. # 36.) The court denied Franklin leave to proceed with any of his other proposed claims.

Franklin has now filed a motion to "alter or amend the judgment" entered on August 1, 2014, pursuant to Fed. R. Civ. P. 59(e), seeking leave to proceed with additional claims against more defendants in this case. As an initial matter, there is no judgment to alter or amend. Even if there were, a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. *See* FED. R. CIV. P. 59(e). Because Franklin's motion was not filed within the 28-day time limit, his motion must be denied as untimely.

Even assuming that Franklin's motion were construed as one seeking relief from the August 1 screening order under Fed. R. Civ. P. 60(b),[1] Franklin fails to show that he was denied leave to proceed with additional claims in error or that there is any other reason justifying relief. Accordingly, Franklin's motion will be denied.

Finally, the court notes that this case is now three years old due at least in part to repeated efforts by Franklin to avoid narrowing his claims to a practical number. He is strongly encouraged to focus on those claims now approved rather than attempt to further complicate and delay their final resolution.

---

[1] Rule 60(b) provides that a district court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). Franklin does not show that any of these provisions apply.

ORDER

IT IS ORDERED that plaintiff Harrison Franklin's motion to alter or amend (Dkt. # 45) is DENIED.

Entered this 2nd day of October, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge