IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARRISON FRANKLIN,

          Plaintiff,                                    ORDER

v.                                                          11-cv-736-wmc

GREGORY GRAMS, JOSEPH HARRIS,
MELISSA THORNE, LORI ALSUM,
BARBARA DELAP, DR. DALIA SULIENE
and MARC CLEMENTS,

          Defendants.

---

State inmate Harrison Franklin filed this lawsuit *in forma pauperis* under 42 U.S.C. § 1983. Franklin was granted leave to proceed with claims that defendants were deliberately indifferent to his medical needs. He now seeks an order compelling defendants to provide discovery in the form of answers to interrogatories and documents. (Dkt. # 56). Franklin also seeks sanctions in the amount of $300, additional time in the prison library and injunctive relief from acts of retaliation. These requests will be denied for reasons that follow.

I.  **Interrogatories**

Franklin contends that defendants failed to answer interrogatories dated November 14, 2014. Defendants claim that they did not respond to the November 14 interrogatories because they appeared identical to a set propounded by Franklin on

1

November 4, which they answered. After Franklin filed his January 14, 2015, motion to compel, defendants apparently realized that the November 14 interrogatories included seven additional questions, which they promptly answered on January 16. Franklin does not dispute that defendants have now answered the November 14 interrogatories. Therefore, Franklin's motion to compel answers to interrogatories is moot, although the request for sanctions is not.

## II. Documents

Franklin further contends that prison officials have denied him access to unspecified documents, which appear to consist of grievances or medical records. To obtain copies of these documents, Franklin claims that he must pay 15¢ per page, which he cannot afford to pay.[1] Defendants assert that Franklin did not raise this concern with them before filing a motion to compel. Since receiving the motion to compel, counsel for defendants has reportedly addressed this issue with officials at CCI and arranged for Franklin to get an opportunity to view the documents he identifies. Franklin, however, maintains that he is *still* being made to pay before he can view documents related to his case. He claims further that officials at CCI have stolen documents from his cell.

Franklin has not yet demonstrated that he has been denied access to documents. Accordingly, his motion to compel documents will be denied at this time. The court will

---

[1] In part, Franklin contends his indigency is due to his being denied employment at the prison, but this contention is not material to the present discovery dispute and indeed goes well beyond the scope of the present lawsuit.

2

reconsider Franklin's motion if he renews his request with a list of *specific* documents for which he has been denied an opportunity to even view, requested, but which defendants have failed or refused to provide. For defendants and their counsels' part, of course, any uncertainty about Franklin having been given a reasonable about of time and opportunity to inspect and review documents requested should be addressed promptly.

### III. Discovery Sanctions

To the extent that Franklin seeks monetary sanctions, he has at this point neither established that defendants intentionally withheld discovery nor that sanctions are warranted. Accordingly, Franklin's request for sanctions will be denied for now, although the denial is without prejudice if further delays in the timely production of discovery are shown.

### IV. Library Access

Franklin also contends that he has been denied adequate access to the law library due to his placement in "temporary lock up" or TLU status. Franklin explains that he is allowed to go to the law library up to three times every week, but that the library is typically closed due to staff shortages at least one of these three times each week. Sometimes, he claims, the library is closed two out of the three times per week.

To the extent that Franklin seeks a court order granting him additional access, this court does not have any authority to act as a general reviewer of internal prison policies

3

involving his placement in TLU and issues of staffing, security and budgets. The court's role is limited to protecting an inmate litigant from unconstitutional interference with his right to access the courts. Franklin's motion raises no such constitutional concerns because he was not prevented from filing his initial petition. The Constitution guarantees a prisoner litigant no more than the right to file a sufficiently-pled grievance with a court. *See Lewis v. Casey*, 518 U.S. 343 (1996).

Although a prison must also provide legal resources sufficient to allow a prisoner properly to plead his civil suit, it has no constitutional obligation to provide legal resources that would enable that prisoner to litigate his suit effectively once it has been filed. *See id.* at 354; *see also Smith v. Shawnee Library System*, 60 F.3d 317, 322 (7th Cir. 1995) (right of access to courts does not require the state to provide assistance beyond pleading stage). Franklin has certainly not alleged facts showing that a lack of additional library access has prevented his proceeding with this lawsuit. Accordingly, Franklin's motion for more library time will be denied.

## V. Retaliation

Finally, Franklin complains that he has been subjected to retaliation as a result of filing this lawsuit. In particular, Franklin contends that two officials who are *not* defendants here, identified as Ziegler and Gambaro, have interfered with his eligibility for a legal loan to litigate this case and his ability to obtain a prison job assignment. Without a job assignment, Franklin maintains that he is unable to finance his litigation

4

efforts. Ziegler and Gambaro have also allegedly interfered with his efforts to communicate with unidentified "psychological witnesses" or past treatment providers.

When a plaintiff alleges that the defendants have retaliated against him for bringing a lawsuit, it is the policy of this court to require the retaliation claim to be brought in a lawsuit separate from the one that allegedly provoked the retaliation. *See McCormack v. Hamblin, et al.*, No. 12-cv-535-bbc, 2012 WL 6707669, *1 (W.D. Wis. Dec. 21, 2012). The court recognizes an exception to this policy only where it appears that the alleged retaliation directly and physically impairs the plaintiff's ability to prosecute his present lawsuit. *See id.*

Here, Franklin alleges that his ability to litigate this case has been frustrated by retaliation. Without legal loan privileges or prison employment, Franklin contends that he is unable to pay for copies of documents that he has requested from defendants during discovery. As noted above in connection with his motion to compel discovery, however, Franklin has not identified the specific documents that he seeks to review, nor explained why copies of those documents are necessary to proceed with this lawsuit. Likewise, although Franklin claims that he has been unable to communicate with witnesses, he does not name those witnesses or explain how the information he seeks relates to the claims in this case. Thus, his allegations are not only too vague to form a basis for relief, but may explain why defendants have not addressed them.

Absent more detailed information about the extent that Franklin's ability to prosecute this lawsuit has been impaired, his motion for relief from retaliation will be

denied. The court will reconsider Franklin's request for such relief, however, if he files a proper motion for injunctive relief specifying: (1) exactly what discovery he is seeking (*i.e.*, specific documents or witness statements); (2) how the discovery relates to the claims in this case; and (3) how prison officials have interfered with his ability to obtain that discovery.

ORDER

IT IS ORDERED that plaintiff Harrison Franklin's motion to compel discovery (dkt. # 56) is DENIED. Franklin's requests for sanctions, more library time and injunctive relief from retaliation (dkt. # 56) are also DENIED at this time.

Entered this 12th day February, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge