IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HARRISON FRANKLIN,

        Plaintiff,

v.

GREGORY GRAMS, *et al.*,

        Defendants.

ORDER

11-cv-736-wmc

Plaintiff Harrison Franklin filed this civil action under 42 U.S.C. § 1983, and the court has granted him leave to proceed with claims that the defendants (Warden Gregory Grams, Dr. Dalia Suliene, Cynthia Thorpe, Assistant Warden Marc Clements, Lori Alsum, Barbara DeLap and Sergeant Joseph Harris) denied him adequate medical and dental care in violation of the Eighth Amendment. In particular, the court granted Franklin leave to proceed with the following claims: (1) that Dr. Suliene denied him treatment for a deviated septum; (2) that defendants Grams, Thorpe, Clements, Alsum and DeLap denied him access to dental care; and (3) that Harris denied him insulin on one occasion.

Pending before the court is a motion filed by defendants to compel Franklin to authorize disclosure of his medical records for the duration of this lawsuit. (Dkt. # 74.) Defendants explain that the Wisconsin Department of Justice is required to obtain Franklin's authorization for these records to comply with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Without his authorization, defendants cannot disclose these medical records to the court in a motion for summary judgment or mount a defense to his claims. According to an affidavit provided in support of the motion, defense counsel obtained a medical release from Franklin on November 18, 2014, but Franklin wrote on that release that his authorization "expire[d] 12-19-14." (Dkt. # 76, Bressette Decl. ¶ 3.) Defense counsel wrote to Franklin asking him to sign a new medical release that allowed defendants to use his medical records for

the duration of this lawsuit. (*Id.* at ¶ 6, Ex. B.) The letter was hand-delivered to Franklin by Inmate Complaint Examiner Isaac Hart on March 18, 2015. (Dkt. # 77, Hart Decl. ¶ 3.) Two days later, Hart contacted Franklin to pick up the signed release. (*Id.* at ¶ 4) At that time, Franklin advised Hart that he would not sign it. (*Id.*)

Franklin has no valid reason for refusing to authorize the release of records related to the medical conditions that form the basis for his complaint. In that respect, a plaintiff waives any privilege that he may have had when he puts his medical condition in issue by filing a lawsuit. *See Doe v. Meacham*, 126 F.R.D. 444, 450 (D. Conn. 1989) (citing *In re "Agent Orange" Prod. Liab. Litig.*, 91 F.R.D. 616, 618 (E.D.N.Y.1981)); *see also Ferrell v. Glen-Gery Brick*, 678 F. Supp. 111, 112 (E.D. Pa. 1987) (observing that "both courts and commentators alike have consistently taken the view that when a party places his or her physical or mental condition in issue, the privacy right is waived").

In light of Franklin's refusal to cooperate, defendants request a court order to compel Franklin's authorization. Because of the delay posed by Franklin's failure to cooperate, defendants also ask the court to suspend certain deadlines in the scheduling order until Franklin complies and to dismiss this case if Franklin refuses to authorize the release of his medical records for the duration of this lawsuit. The defendants' motions will be granted.

ORDER

IT IS ORDERED that:

1. Defendants' motion to compel plaintiff Harrison Franklin to authorize release of his medical records for the duration of this lawsuit (dkt. # 74) is GRANTED.

2. Plaintiff Harrison Franklin is advised that, once defendants' counsel provides him with an appropriate form, Franklin must provide his authorization for the release

of his medical records for the duration of this lawsuit by signing the form and returning it to defendant's counsel of record within **ten (10) days** or his case will be dismissed.

3. Defendants' motion to stay deadlines (dkt. # 78) is also GRANTED and the scheduling order entered on October 3, 2014 (dkt. # 47) is AMENDED as follows: Once Franklin signs an appropriate medical release, defendants shall have 21 days from the date of receipt of that authorization to disclose expert witnesses and 30 days from receipt in which to file a dispositive motion.

Entered this 31st day of March, 2015.

                                        BY THE COURT:

                                        /s/

                                        _____

                                        WILLIAM M. CONLEY
                                        District Judge