IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARRISON FRANKLIN,

                     Plaintiff,

   v.

GREGORY GRAMS, SGT. HARRIS,
MS. THORPE, DR. SCHELLER,
LORI ALSUM, BARBARA DELAP,
DR. SULIENE and MARC CLEMENTS,

                     Defendants.

ORDER

11-cv-736-wmc

---

Plaintiff Harrison Franklin filed this civil action pursuant to 42 U.S.C. § 1983, alleging that he had been denied medical and dental care while in custody of the Wisconsin Department of Corrections. At plaintiff's request, the court recruited counsel Christopher Rogers and David Blinka of the law firm of Habush Habush & Rottier in Madison, Wisconsin, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter her appearance as plaintiff's *pro bono* counsel for the record.

The next step is for the court to hold a scheduling conference to reset the trial date in this case. Plaintiff's counsel should contact the Wisconsin Department of Corrections for purposes of consulting with plaintiff in the preparation of his case whether by phone and/or in person. So that counsel will have sufficient time to consult

with plaintiff in advance of a preliminary pretrial conference, the clerk's office will be directed to set that conference in late January 2015, as the court's schedule allows.

Finally, plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorney, as well as those working at her direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to alert the court and end their representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

ORDER

IT IS ORDERED that the clerk's office enter (1) Christopher Rogers and David Blinka of the law firm of Habush Habush & Rottier as plaintiff's *pro bono* counsel of record and (2) set this case for a scheduling conference in late January 2015, as the court's schedule allows.

Entered this 17th day of December, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge